IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SERVANDO FLORES RODRIGUEZ | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 21-CV-77 |
| | § | |
| CD LOGISTICS, INC. D/B/A D&G | § | |
| TRUCKING, and MARLAND OLEN | § | |
| WILSON JR. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Plaintiff SERVANDO FLORES RODRIGUEZ, and files this Plaintiff's Original Petition complaining of Defendants CD LOGISTICS, INC. D/B/A D&G TRUCKING and MARLAND OLEN WILSON JR., for causes of action, Plaintiff would show as follows:

**1.
DISCOVERY INCLUDED**

1.1     Plaintiff **SERVANDO FLORES RODRIGUEZ** is an individual and resident of Cameron County, Texas.

1.2     Defendant **CD LOGISTICS, INC. D/B/A D&G TRUCKING, (hereinafter referred as "D&G TRUCKING")** is a trucking company/carrier doing business in the State of Texas.  Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving its registered agent, Donapid Sarkisian, 1436 W. Glenoaks Blvd., #227, Glendale California 91201.  Service of said Defendant as described above can be effected by certified mail.

1.3    Defendant **MARLAND OLEN WILSON JR., (hereinafter referred as "WILSON")** is an individual and resident of the State of California. Defendant may be served with process at Defendant's residence located at 3352 James Street, Lancaster, California 93535 or wherever Defendant WILSON may be found.

## 2.
## JURISDICTION AND VENUE

2.1    This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

2.2    This Court has jurisdiction over the foreign corporate defendant because it has purposefully availed itself by engaging in business in the State of Texas and in this judicial district.

2.3    Venue is proper in this matter pursuant to Title 28 U.S.C. §1391(b) because the cause of action arose within the Southern District of Texas, Brownsville.

2.4    Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## 3.
### FACTUAL BACKGROUND
<u>The Collision</u>

3.1    This lawsuit concerns a motor vehicle collision that occurred on January 7, 2021. At the time of the collision, Plaintiff was driving his 2003 Dodge Ram 1500, which was involved in a collision with a 2019 Freightliner Tractor Truck (VIN No. 1FUJHHDR5KLKR1710) that was towing a 2018 trailer (VIN # 1GRAA0621JK287015). Said tractor truck/trailer was driven by Defendant WILSON while under the authority and control of Defendant CD LOGISTICS, INC. D/B/A D&G TRUCKING (hereinafter "D&G TRUCKING"). Further, Defendant D&G TRUCKING is the registered owner of the 2019 Freightliner Tractor Truck (VIN No.

1FUJHHDR5KLKR1710) and the 2018 trailer (VIN # 1GRAA0621JK287015) involved in the collision, which it entrusted to Defendant MARLAND OLEN WILSON JR., on or around the date of the incident.

    3.2    The vehicular collision occurred on a Thursday afternoon near the intersection of Ruben M. Torres Blvd., and Central Ave., within the city limits of Brownsville, Cameron County, Texas. Ruben M. Torres Blvd., consists of two eastbound traffic lanes. Immediately prior to the collision, the Defendant's vehicle was traveling in the inside lane of traffic on Ruben M. Torres Blvd., while the Plaintiff was traveling in the outside lane traffic. The incident ensued when Defendant WILSON attempted to make a right turn on to Central Ave., while crossing directly in front of the projected travel path of Plaintiff's vehicle. As a result of Defendant's improper attempt to turn right from the wrong lane of traffic, the right side of Defendant's truck/trailer collided with the left side of Plaintiff's vehicle. Due to the force of the impact, Plaintiff sustained severe bodily injuries and property damages.

    3.3    The collision was investigated by Officer Jesse Martinez (Badge No. 5391) of the Brownsville Police Department. In his official crash report, Officer Vargas reported the following:

> **UNIT 1** [Defendant's tractor truck] **WAS TOWING UNIT 2** [Defendant's trailer] **TRAVELING EAST AT THE 4500 BLOCK OF RUBEN M. TORRES BLVD COMING UP TO THE INTERSECTION OF N. CENTRAL AVE AND GETTING READY TO MAKE A RIGHT TURN INTO A SMALL TWO LANE RD. UNIT 3** [Plaintiff] **WAS TRAVELING EAST ON THE SAME BLOCK NUMBER IN THE OUTSIDE LANE. UNIT 1 DRIVER** [Defendant Wilson] **OPENED UP TO THE LEFT TO MAKE THE RIGHT TURN AND AS HE STARTED TO MAKE THE RIGHT TURN. UNIT 3 STRUCK THE RP OF THE TRUCK TRACTOR WITH THE LFQ. UNIT 2 THEN STRUCK UNIT 3'S LBQ WITH UNIT 2'S RP. UNIT 1 DRIVER** [Defendant Wilson] **WAS FOUND AT FAULT FOR THE CRASH FOR IMPROPER TURN FROM WRONG LANE.**

The following excerpt is from Officer Martinez's crash report:



3.4	As illustrated above, Officer Martinez found that Defendant WILSON was solely responsible for causing this collision due to his "TURNED IMPROPERLY - WRONG LANE."

The Employment Relationship Between the Defendants and The Resulting Vicarious Liability

3.5	At the time of the collision, which is the subject of this cause of action, and at all other relevant times, Defendant WILSON was an employee of Defendant D&G TRUCKING, and Defendant WILSON was acting within the course and scope of his employment at the time of the collision. In this regard, Defendant WILSON was an employee insofar as the master-servant relationship under common law is concerned.

35.6	Alternatively, and at all relevant times herein, Defendant WILSON was a "statutory employee" under the statutory employee doctrine. In this regard, an interstate motor carrier (such as Defendant D&G TRUCKING) is required to assume full direction and control of the vehicles that it owns/leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a) (1997). As a result, Defendant D&G TRUCKING had exclusive control of the tractor truck that

Defendant WILSON was operating; therefore, such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12 (2000). As a result, Defendant D&G TRUCKING is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligent actions/omissions of Defendant WILSON.

3.7    Alternatively, Defendant D&G TRUCKING is vicariously liable with respect to all negligent actions/omissions of Defendant WILSON under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

## Spoliation

3.8    DEFENDANT D&G TRUCKING is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration. DEFENDANT D&G TRUCKING hired, qualified, and retained DEFENDANT WILSON as a truck driver. At all times relevant to this lawsuit, DEFENDANT WILSON was acting in the course and scope of his actual and/or statutory employment with DEFENDANT D&G TRUCKING.

3.9    Upon information and belief, DEFENDANT WILSON had a cell phone and/or a tablet, iPad, or other mobile device with him in the truck. This cell phone and/or tablet, iPad, or other mobile device contains relevant data, including but not limited to:

1. Data showing whether the driver was on the phone, texting, watching a video, using an app, or otherwise using the phone or device;

2. Location data showing where the device was located at various points in time, which can be used to audit the driver's logs and claimed route;

3. Data showing whether the driver was making an input into the device at the time of the crash;

4. Data showing whether the driver was using an app at the time of the crash;

    3.    Texts and e-mails from the driver, including relevant communications with the trucking company and potentially communications regarding the crash.

3.10    This relevant data will be destroyed if the Court does not grant a temporary restraining order and temporary injunction. Every second that the phone, tablet, iPad, or other mobile device is turned on and in service, the device and its apps are downloading data. Because the device has a finite amount of storage, the downloaded data overwrite the existing, relevant data. If the Court does not grant injunctive relief relevant evidence will be forever destroyed.

3.11    The tractor truck involved in the crash, 2019 Freightliner Tractor Truck (VIN No. 1FUJHHDR5KLKR1710) also contains a crash data recorder (also known as a "black box"). The crash data recorder contains relevant data regarding the crash made in the basis of this lawsuit. That data will likely be deleted if DEFENDANT D&G TRUCKING is allowed to return the truck to service without first allowing a download of the data.

The Injuries

3.12    Plaintiff suffered emotional and physical injuries as a result of this collision including, but not limited to, pain to this neck, upper back, and both right & left shoulders. Plaintiff has received physical therapy and medications in an attempt to alleviate his pain. In addition, Plaintiff has received an MRI of his cervical spine, which showed the following:

- At C3-4, there is a 2.5 mm broad-based posterior disc protrusion;
- At C4-5, there is 3.5 mm broad-based posterior central focal disc protrusion, which abuts the spinal cord anteriorly;
- At C5-6, there is a 2.5 mm broad-based posterior disc protrusion;
- At C6-7, there is a 2.5 mm broad-based posterior disc protrusion; and
- At C7-T1, there is a 2 mm broad-based posterior central disc protrusion.

In all reasonable probability, Plaintiff will continue to incur additional and future medical expenses to alleviate his pain.  These medical treatments may include, but are not limited to, physical therapy, daily medications, pain management treatments, and possible surgical procedures.

## 4.
### CAUSE OF ACTION AGAINST MARLAND OLEN WILSON JR.

4.1    Defendant, D&G TRUCKING is the responsible party defendant for the actions of its employee, Defendant WILSON, acting within the course and scope of his employment.

4.2    Under the doctrine of *respondeat superior*, Defendant D&G TRUCKING is vicariously liable for the actions of its employee, Defendant WILSON, while in the course and scope of his employment.  The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent actions and/or omissions of Defendant D&G TRUCKING's employee, which consisted of, but are not limited to, the following actions and omissions:

  A.   Failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

  B.   Placing Plaintiff in a position of peril due to Defendant's lack of due care and exercise of ordinary prudence of a person of Defendant's maturity and capacity under similar circumstances;

  C.   Failing to operate a motor vehicle at a speed that is reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing and at a speed necessary to avoid colliding with any person, vehicle, or other conveyance on the roadway in violation of Tex. Tranp. Code § 545.351, constituting negligence per se;

  D.   Failing to apply brakes to a motor vehicle in a timely and prudent manner;

  E.   Failing to exercise reasonable care to protect the safety of others who are using the roadways;

  F.   Failing to take evasive action to avoid colliding with other vehicles on the roadway;

G. Failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiff of the impending collision;

H. Failing to maintain a safe distance between two vehicles;

I. Operating a tractor trailer in violation of hours of service regulation, 49 C.F,R, 395.3, and when too tired to do so safely, in violation of 49 C.F.R. 392.3;

J. Failed to properly record his duty status, in violation of 49 C.F.R. 395.8;

K. Failed to properly inspect his vehicle prior to operation, in violation of 49 C.F.R. 36.13;

L. Operated his vehicle in an unsafe condition, in violation of 49 C.F.R 396.7;

M. Failed to properly report the results of the vehicle inspections, in violation of 49 C.F.R 396.11; and/or

N. Drove a vehicle he was not qualified to operate because he did not meet the driver qualification standards of 49 C.F.R 391.21 through 49 C.F.R 391.27 and 49 C.F.R391.15; and

O. Making an improper turn from the wrong lane of traffic in violation of Texas Tex. Tranp. Code § 545.101.

4.3   The above actions and omissions committed by the Defendant constitute negligence and/or gross negligence as described herein and were the proximate cause of the subject collision and the injuries and damages sustained by the Plaintiff.

4.4   At the time of the collision, Plaintiff was acting as an ordinary prudent person and exercised ordinary care under the circumstances described herein. The collision was not expected by the Plaintiff, and Plaintiff committed no actions or omissions that caused, or contributed to causing, the collision underlying this suit.

# 5.
## CAUSES OF ACTION AGAINST CD LOGISTICS, INC. D/B/A D&G TRUCKING

**A. *RESPONDEAT SUPERIOR***

5.1	The Defendant, D&G TRUCKING, is liable under the doctrine of *Respondeat Superior* in that Defendant WILSON was operating the vehicle in the course and scope of his employment with Defendant D&G TRUCKING at the time of the collision.

5.2	At the time of the occurrence of the act in question and immediately prior thereto, Defendant WILSON was within the course and scope of his employment with Defendant, D&G TRUCKING.

5.3	At the time of the occurrence of the act in question and immediately prior thereto, Defendant WILSON was engaged in the furtherance of Defendant D&G TRUCKING's business.

5.4	At the time of the occurrence of the act in question and immediately prior thereto, Defendant WILSON was engaged in accomplishing a task for which Defendant WILSON was employed.

5.5	Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant, D&G TRUCKING.

**B. NEGLIGENCE**

5.6	Defendant D&G TRUCKING was also independently negligent in one or more of the following respects:

    a.	negligent hiring of Defendant, WILSON;
    b.	negligent entrustment of the vehicle to of Defendant WILSON;
    c.	negligent driver qualifications;
    d.	negligent training and supervision of Defendant WILSON;
    e.	negligent retention of Defendant WILSON;
    f.	negligent contracting; and
    g.	negligent maintenance.

5.7	As described herein, Defendant D&G TRUCKING., was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

5.7     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

### C. GROSS NEGLIGENCE

5.8     The above-referenced acts and/or omissions by Defendant constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

5.9     Defendant's actions and/or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

5.10    Defendant had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiff and others.

5.11    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

### 6.
### PLAINTIFF'S CLAIM FOR DAMAGES

6.1     As a direct and proximate result of the collision made the basis of this lawsuit, Plaintiff was caused to suffer bodily injuries, and to incur the following damages:

A.  Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in localities in which they were incurred;

B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.  Physical pain and suffering in the past and in the future;

D.  Physical impairment and deformity in the past and which, in all reasonable probability, will continue to be suffered by the Plaintiff in the future;

E.  Loss of earning capacity in the past and which, in all reasonable probability, will be suffered in the future;

F.  Mental anguish in the past and in the future; and

G.  Past and future lost wages.

6.2.    In addition, as a result of the collision, Plaintiff has incurred expenses for medical treatment and such expenses are continuing to accrue as of the filing of this petition. All of these expenses are reasonable and customary in the localities in which they were incurred.

6.3     As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that Plaintiff will require further medical treatment and will incur future reasonable and necessary expenses. These medical treatments may include, but are not limited to, physical therapy, daily medications, pain management treatments, and possible surgical procedures.

## EXEMPLARY DAMAGES

6.4     Plaintiff's injuries resulted from the Defendants' gross negligence, and therefore Plaintiff is entitled to exemplary damages under section 41.003 (a) of the Texas Civil Practice & Remedies Code. The above-referenced acts and/or omissions by Defendants also, or alternatively,

constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.

6.5    Therefore, for such gross negligence and/or malice on behalf of Defendants, Plaintiff respectfully requests exemplary damages in an amount to be determined by a jury of their peer.

## 7.
## INTEREST ON DAMAGES

7.1    To the extent provided by law, Plaintiff further pleads for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court.  Plaintiff pleads that if she is not allowed such pre and post judgment interest, that she would not be fully compensated, and that she would be denied an opportunity to earn interest on the damages Plaintiff sustained between the time of the incident and the time of judgment.

## 8.
## JURY DEMAND

8.1    Plaintiff requests a trial by jury.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **SERVANDO FLORES RODRIGUEZ**, respectfully prays that the Defendant **MARLAND OLEN WILSON JR.,** and **CD LOGISTICS, INC. D/B/A D&G TRUCKING,** be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

By:   /s/ Mike Trevino

Mike Trevino [Attorney in Charge]
State Bar No. 24093280
mike@jvlawfirm.com

Javier Villarreal
State Bar No. 24028097
jv@jvlawfirm.com
Daniel A. Torres
State Bar No. 24046985

**COUNSEL FOR PLAINTIFF**

**Of Counsel:**
**LAW OFFICES OF JAVIER VILLARREAL, P.L.L.C.,**
2401 Wildflower Drive, Suite A
Brownsville, Texas 78520
Tel: (956) 544-4444
Fax: (956) 550-0877

## COURTESY NOTICE TO DEFENDANT

If you had insurance at the time of the accident, please forward a copy of this petition to your insurance company *__immediately__*.

Adjuster: Amanda Gerholdt
North American Risk Service, Inc.
Insurer: United Specialty Insurance Company Inc.,
P.O. Box 166002
Altamonte Springs, Florida 32716-6002
Tel: (800) 315-6090 (Ext. 5368)
mailroom@narisk.com

Re. Claim No. ATMQL21010018
Insured: **CD Logistics Inc, DBA D&G Trucking**
Claimant: **Servando Flores Rodriguez**
Date of Loss: **January 7, 2021**